## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| _____ : | |
| **ANDREW PERLMUTTER** : | |
| : | |
| : | |
| **Plaintiff,** : | **Misc.** |
| : | |
| **v.** : | |
| : | |
| **REED ELSEVIER, INC. DBA** : | |
| **LEXISNEXIS** : | |
| : | **January 29, 2008** |
| **Defendants,** : | |
| _____: | |
| : | |
| **MONICA ALBANO,** : | |
| : | |
| **Movant** : | |
| _____: | |

### MEMORANDUM IN SUPPORT OF
### MOTION FOR PROTECTIVE ORDER AS TO MONICA ALBANO

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rule 7, third party

deponent Monica Albano ("Ms. Albano") files this Memorandum in support of her Motion for

Protective Order in connection with the defendant Reed Elsevier, Inc dba LexisNexis's

("Defendant") Subpoena directed to Ms. Albano dated January 8, 2008 seeking a deposition and

documents. Because the Subpoena is not reasonably calculated to lead to the discovery of

admissible evidence, Ms. Albano believes justice requires that the Court issue a protective order

to protect her from annoyance, oppression, and undue burden and expense.

Ms. Albano moves the Court to limit the scope of disclosure and discovery to non-

corporate matters directly relevant to the underlying proceedings. In support of the motion Ms.

Albano states the following:

Defendant has counterclaims currently pending against plaintiff Andrew Perlmutter ("Plaintiff") in the United States District Court For the Northern District of Georgia Atlanta Division, docket number 1:07-cv-1762 (GET). In its counterclaims, Defendant alleges, among other things, that Plaintiff, a former employee of Defendant, breached a certain contract. It appears that, according to the allegations in the underlying complaint and counterclaim, the central issue between the parties is whether in March, 2007 Plaintiff resigned from his position with Defendant or was terminated.

Defendant subpoenaed Ms. Albano on or about January 8, 2008. The Subpoena is directed to Ms. Albano as follows:

Monica Albano
Human Resources Department
Vertrue, Inc.
20 Glover Avenue
Norwalk, CT 06850

In addition to a deposition, Defendant requested certain documents from Ms. Albano, including documents relating to

1) discussions between [Ms. Albano] and [P]laintiff regarding his employment or potential employment with My Choice Medical Holdings, In., My Choice Medical, Inc., and/or Verture, Inc. ; 2) negotiations regarding any employment offers made to [Plaintiff]; 3) any acceptance, rejection, or retraction of any employment offers made to [Plaintiff]; 4) discussions between [Ms. Albano] and [Plaintiff] regarding [Defendant]; and 5) any communications between [Ms. Albano] and [Plaintiff] since June 1, 2006 to present.[1]

Ms. Albano is the Senior Vice President of Human Resources at Vertrue, Inc. The plain

language of the Subpoena requests that Ms. Albano provide information as a representative of Vertrue. However, Defendant served Vertrue with a subpoena to which Vertrue has objected. Those objections remain unresolved and there is no currently scheduled deposition for a Vertrue representative. Defendant's counsel has clarified that it is <u>not</u> seeking information from Ms. Albano in her corporate capacity. However, due to the broad language of the Subpoena, Ms. Albano seeks a protective order in order to limit the scope of the subpoena to protect her from answering questions that seek information from her in a corporate capacity.

**ARGUMENT**

This Court, in the interest of justice, should enter an Order to protect Ms. Albano from annoyance, oppression, and undue burden and expense. Ms. Albano is a non-party. She is not alleged to have engaged in or have personal knowledge of any conduct which forms the basis of any claim or defense in the underlying matter. Defendant claims to only seek her deposition in her personal capacity. But the subpoena to Ms. Albano personally is reasonably calculated to lead to the discovery of admissible evidence.

Indeed, it appears that Defendant wants to take Ms. Albano's deposition in order to avoid the resolution of Vertrue's objections. In point of fact, the information Defendant seeks from Ms. Albano is that of a 30(b)(6) witness, which Defendant would agree Ms. Albano is not. For example, Defendant seeks information from Ms. Albano relating to negotiations and offers of employment or potential employment between Plaintiff and Vertrue. This is clearly corporate information. Defendant cannot end-run pending objections submitted by a corporate entity by

---

[1] My Choice Medical Holdings, Inc., My Choice Medical, Inc. and Vertrue, Inc. will be cited to as "Vertrue".

trying to obtain the same exact information from an employee in her purported personal capacity.

Rule 26(b)(1), Fed. R. Civ. P. plainly provides that the information sought in discovery must at least appear "reasonably calculated to lead to the discovery of admissible evidence." Moreover, Rule 26(b)(2), Fed. R. Civ. P., provides that discovery shall be limited if this Court determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Here Defendant seeks cumulative or duplicative information from Ms. Albano that can be more easily obtained from the named Plaintiff in the underlying litigation. Ms. Albano, as a non-party, should not be put to the expensive and burdensome task of submitting to a deposition when the same information can be, and may already have been[2], elicited from a party. Ms. Albano has no role in the dispute between the parties.

Despite the above, in the spirit of cooperation, Ms. Albano has consented to sit for a deposition with the understanding that Defendant will only seek information from Ms. Albano in her personal capacity, not any corporate capacity. Ms. Albano has made clear that she will not answer questions relating to Vertrue's activities. Defendant's counsel appears to have consented to that limit on Ms. Albano's deposition. However, in an abundance of caution, Ms. Albano moves for the entry of a protective order.

Wherefore Ms. Albano moves this Court to enter a protective order limiting the scope of disclosure and discovery to those non-corporate matters directly relevant to the underlying proceedings.

**MOVANT,**
**MONICA ALBANO**

_____/s/_____
Stephanie A. McLaughlin
Connecticut Juris No. 22774
**SANDAK HENNESSEY & GRECO, LLP**
707 Summer Street
Stamford CT 06901
Telephone: 203-425-4200; fax: 203-325-8608

---

[2] The undersigned understands that Defendant has already taken the deposition of Plaintiff. The content of Plaintiff's deposition is unknown.

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Motion for Protective Order, with attached Subpoena, Memorandum of Law, Proposed Order and Affidavit were sent via electronic mail and first-class mail, postage pre-paid, on the 29th day of January, 2008 to counsel of record in the underlying action:

Brennan Bolt, Esq.
McGuire Woods LLP
1170 Peachtree Street, NE Suite 2100
Atlanta, GA 30309

John Monroe, Jr., Esq.
Ford & Harrison LLP
1275 Peachtree St., NE Suite 600
Atlanta, GA 30309

_____/s/_____
Stephanie A. McLaughlin